IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA ROMAINE, as Mother, Next Friend, and Special Administrator of BENJAMIN ROMAINE, deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 2643 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS RICK CABALLERO, Star 11141, and THOMAS DAVEY, Star 3361, | ) Judge Coar ) ) ) Magistrate Judge Cole ) |
| Defendants. | ) JURY DEMANDED |

**FILED**
**NOV 0 7 2005**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, PATRICIA ROMAINE, as Mother, Next Friend, and Special Administrator of BENJAMIN ROMAINE, deceased, by her attorneys, SMITH, COFFEY & ALEXANDER, and for her First Amended Complaint against defendants, CITY OF CHICAGO, and CHICAGO POLICE OFFICERS RICK CABALLERO, Star 11141, and THOMAS DAVEY, Star 3361, states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages for depriving plaintiff's deceased, while acting under color of law as Chicago Police Officers, of rights secured by the Constitution and laws of the United States, including the rights secured by the 4th Amendment to the Constitution, and for related State-law claims, including Wrongful Death.

1

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. sec. 1983, and the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341(3) and (4) and 1343, and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to Section 1367 to hear and decide claims arising out of state law.

**PARTIES**

3. Plaintiff is a citizen of the United States, who currently resides in Chicago, Illinois.

4. Defendant Chicago Police Officers (the "individual defendants") are employed by the City of Chicago, Illinois, as Chicago Police Officers. All the defendant officers are being sued in their individual capacity.

5. Defendant City of Chicago, at all times material to this complaint, was a governmental entity under the laws of the State of Illinois, and is and was the employer of the police personnel named herein as agents of the City of Chicago. It is sued directly under the Monell Claim and pursuant to the doctrine of respondeat superior in the related State law claims.

6. At all times relevant hereto, defendant officers were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, City of Chicago, and the Chicago Police Department, and within the scope of their employment with defendant City of Chicago.

**FACTS**

7. On April 18, 2005, plaintiff's decedent, Benjamin Romaine, ("Benjamin") a healthy 27-year old African American man, was peaceably going about his business driving a car in

2

Chicago, Illinois, when the defendant police officers attempted to pull over the car Benjamin was driving.

8. When the officers believed that Benjamin did not pull over as quickly as possible, Officer Caballero fired shots at the back of Benjamin's car.

9. One of the shots hit Benjamin in the back, mortally wounding him.

10. There was no lawful justification for the use of deadly force against Benjamin, who was not placing the officers in fear of death or serious bodily harm, and, in fact, was moving away from the officers when they fired.

11. Benjamin was conscious for several minutes preceding his death, and suffered greatly before his death.

12. By their unjustified use of force, the defendant officers caused Benjamin to die on April 18, 2005.

## Count I

### Section 1983 and Fourth Amendment Excessive Force Claim

1-12. Paragraphs 1-12 above are re-alleged here as if fully set forth.

13. The actions of defendant officers, detailed above, constitute unreasonable, unjustifiable, and excessive force against plaintiff's decedent, thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

14. As a proximate result of the above-detailed actions of defendants, plaintiff's decedent suffered physical injury, pain, mental suffering, and was caused to die.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands compensatory damages against defendants officers in an amount in excess of $3,000,000, and because these

defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of $3,000,000, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count II

**1983 Action Against City for Failure to Properly Instruct, Supervise, Control & Train**

1-14. Paragraphs 1-14 above are realleged here as if fully set forth herein.

15. The Constitutional violations detailed above were caused in part by the customs, policies, and practices of CPD, whereby the CITY failed utterly to instruct, supervise, control and train the defendant officers.

16. These failures include (1) failure to take any effective steps to control, instruct, or discipline police officers with multiple citizen complaints of excessive force and brutality, thus maintaining an atmosphere and climate where Constitutional violations are not prosecuted or punished, encouraging officers to violate rather than respect the Constitutional rights of citizens; (2) failure to have an effective way to investigate, track, notice, act upon, or correct patterns of abuse by officers with multiple complaint files, thus encouraging a climate of Constitutional abuses; and (3) failure to have ongoing retraining in use of force tactics and holds, and proper arrest use of force techniques, thus making officers feel they do not have the physical skills to effect an arrest without resorting to shooting the suspect.

WHEREFORE, plaintiff demands judgment against the City of Chicago for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000), plus attorney's fees pursuant to statute and the costs of this action and such other and further relief as this Court deems just, proper, and equitable.

### Count III

### Wrongful Death Pursuant State Law Against Officers and City

1-12. Paragraphs 1-12 above are realleged here as if fully set forth.

13. Decedent Benjamin Romaine at all times relevant to this Complaint exercised due care for his own safety.

14. At the time and place aforesaid, the defendant officers and the City of Chicago, acting by and through its duly authorized agents and/or employees, owed decedent the duty to refrain from wilful and wanton acts or omissions which could cause suffering or death to the decedent.

15. As detailed above, the defendant officers and the City of Chicago, acting by and through its duly authorized agents, breached this duty by wilfully and wantonly committing one, more, or all of the following acts or omissions:

    (a) Shooting at decedent without lawful justification;

    (b) Failing to follow proper pursuit rules and regulations;

    (c) Failing to provide a reasonable opportunity for Benjamin to surrender prior to killing him;

    (d) Otherwise acting wilfully and wantonly toward decedent, in total disregard to his civil rights.

16. As a direct and proximate result of one or more of the foregoing wilful and wanton acts and/or omissions of the individual defendants, the decedent was caused to die on April 18, 2005.

17. The City is sued in this count pursuant to the doctrine of respondeat superior, in

that defendant officers performed the actions complained of while on duty and in the employ of defendant City of Chicago, and while acting within the scope of this employment.

18. The decedent left surviving him his mother, Patricia Romaine, two minor children, Benjamin Romaine, Jr., and Dijonaise Romaine, and two siblings.

19. By reason of the death of decedent, decedent's mother, children, and other relations have been deprived of the support, comfort, protection, and society of the decedent.

WHEREFORE, plaintiff Patricia Romaine demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

### Count IV

### Survival Action

1-18. Paragraphs 1-18 above are realleged as if fully stated here.

19. Plaintiff's decedent survived and was conscious for a period preceding his death, and he suffered great pain and agony prior to his death, proximately caused by the above-stated acts and/or omissions of the defendants.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS

($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count V

### Intentional Infliction of Emotional Distress Against City and Officers

1-14. Paragraphs 1 through 14 above are realleged here as if fully set forth herein.

15. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

16. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

17. As a direct and proximate result of this conduct, plaintiff's decedent did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including excruciating physical pain and death.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of THREE MILLION DOLLARS ($3,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count VI

### 745 ILCS 10/9-102

1-14. Plaintiff realleges paragraphs 1 through 14 above, as if fully set forth here.

7

15. Defendant City of Chicago is the employer of Defendant Chicago Police Officers.

16. Defendant Chicago Police Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendant Chicago Police Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

Respectfully submitted,

PATRICIA ROMAINE

By: _____
One of her attorneys

Daniel S. Alexander
Phillip L. Coffey
Christopher R. Smith
SMITH, COFFEY & ALEXANDER
119 North Peoria Street, Suite 3A
Chicago, Illinois 60607
312-850-2600

8